IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

YAMINA KARITANYI,

          Plaintiff,

    v.

SETERUS INC.,

          Defendant.

CIVIL ACTION FILE NO.

1:17-CV-03432-TWT-JFK

## FINAL REPORT AND RECOMMENDATION

Plaintiff Yamina Karitanyi originally filed this action for damages in the Superior Court of Gwinnett County, Georgia, alleging a wrongful foreclosure sale of a residence. [Doc. 1-1 ("Complt.")]. Defendant Seterus Inc. removed the case to federal court asserting diversity jurisdiction. [Doc. 1]. Defendant filed a motion to dismiss the original complaint pursuant to Fed. R. Civ. P. 12(b)(6) contending that the allegations in the complaint failed to state claims upon which relief could be granted. [Doc. 4]. While that motion was pending, Plaintiff filed an amended complaint that did not replace but supplemented her original complaint. [Doc. 11 ("Amd. Complt.")]. When Defendant filed a second motion [Doc. 12] to dismiss incorporating most of the arguments raised in the first motion to dismiss[1] and adding arguments seeking

---

[1] The court has compared the first motion to dismiss with the second motion to dismiss. [Docs. 4, 12]. Contrary to Plaintiff's claims in response to the second motion

dismissal of the new claims in the amended complaint, the court denied as moot the first motion to dismiss.[2] [Doc. ].  Now pending before the court is Defendant's second motion to dismiss the complaint pursuant to Rule 12(b)(6).  [Doc. 12].  Plaintiff has responded to the motion.  [Doc. 15].  Defendant has replied.  [Doc. 16].  And the matter has been submitted to the undersigned for a report and recommendation to the District Court.

## I.    Standard of Law

The Federal Rules of Civil Procedure include no requirement that a plaintiff detail the facts upon which the plaintiff bases a claim.  Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (as amended 2007).  "While a complaint

---

to dismiss [Doc. 15-8, 10-12], Defendant's arguments in the second motion to dismiss were included in the first motion to dismiss, with the exception of arguments addressing the new causes of action brought in the amended complaint.  Defendant has not "waived" any arguments raised in the second motion to dismiss.

[2]Plaintiff also appears to be arguing that the denial of the first motion to dismiss as moot due to the filing of the amended complaint constituted a ruling on the merits. [Doc. 15 at 7, 11].  Plaintiff provides no legal authority for her novel and merit less contention.  As clear from the court's order, there was no ruling on Defendant's arguments that the claims in Plaintiff's original complaint should be dismissed.  [Doc. 14].  The court will not further address Plaintiff's contentions regarding what arguments Defendant raised in the first motion to dismiss or the effect of the denial of that motion as moot.

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted); accord Financial Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282-83 (11th Cir. 2007) (recognizing that "while notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory") (citations and internal quotation marks omitted).

"Factual allegations must be enough to raise a right to relief above the speculative level," i.e., they must do more than merely create a "'suspicion [of] a legally cognizable right of action,' on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S. Ct. at 1965 (citations omitted) (emphasis omitted). "Stated differently, the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief[.]'" Stephens, 500 F.3d at 1282 (quoting Twombly, 127 S. Ct. at 1966-67). A plaintiff's complaint

3

will be dismissed if it does not contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

The court's inquiry at this stage of the proceedings focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations and internal quotation marks omitted).  A court reviewing a motion to dismiss must keep in mind that a "motion to dismiss for failure to state a claim upon which relief can be granted merely tests the sufficiency of the complaint; it does not decide the merits of the case." Wein v. American Huts, Inc., 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004) (citing Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)).  "Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law." Bernard v. Calejo, 17 F. Supp. 2d 1311, 1314 (S.D. Fla. 1998) (citing Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) ("[T]he court may dismiss a complaint . . . when, on the basis of a dispositive issue of law, no construction of the factual allegations will

4

support the cause of action.")); <u>see also</u> <u>Glover v. Liggett Group, Inc.</u>, 459 F.3d 1304, 1308 (11th Cir. 2006) (same); <u>Aque v. Home Depot U.S.A., Inc.</u>, 629 F. Supp. 2d 1336, 1350 (N.D. Ga. 2009).

The court will apply these standards in ruling on Defendant's motion [Doc. 12] to dismiss the complaint.

## II.   Facts

The factual allegations in a complaint are assumed true and construed in the light most favorable to the plaintiff on a motion to dismiss under Rule 12(b)(6). <u>Hardy v. Regions Mortg., Inc.</u>, 449 F.3d 1357, 1359 (11th Cir. 2006); <u>M.T.V. v. DeKalb County School Dist.</u>, 446 F.3d 1153, 1156 (11th Cir. 2006).  "However, conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Oxford Asset Mgmt., Ltd. v. Jaharis</u>, 297 F.3d 1182, 1188 (11th Cir. 2002) (citations omitted).  With this in mind, the undersigned finds that Plaintiff Karitanyi's complaint and amended complaint contain the following factual allegations.[3]

---

[3]If "matters outside the pleadings are presented to and not excluded by the court, [a Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) (as amended 2009).  However, the court may "take judicial notice, <u>see</u> Fed. R. Evid. 201, of certain documents attached to a motion to dismiss, without converting the motion to one for summary judgment . . . includ[ing] public

In 2003, Plaintiff purchased property located at 6144 Idlewood Manor, Lithonia, DeKalb County, Georgia (the "Property"), and, in May 2004, refinanced the loan on the Property securing the loan with a security deed entered with Mortgage Electronic Registration Systems, Inc. ("MERS"), on behalf of the lender, Webster Bank, N.A., and the lender's successors and assigns. [Complt. ¶¶ 4-8; Doc. 1-3 ("Security Deed"), recorded on May 26, 2004, DeKalb County Superior Court, Deed Book 16191, Page

_____

filings . . . [and] public records . . . ." Harford v. Delta Air Lines, Inc., 2008 WL 268820, at *2 (N.D. Ga. January 30, 2008) (citations omitted). The court may also consider documents either attached to or referred to in the complaint which are central to the plaintiff's case and not disputed. See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002) (citations omitted); Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citation omitted). A document is considered "central" if it "'could have or rather in fairness should have been attached to the complaint'" Adamson v. Poorter, 2007 WL 2900576, at *3 (11th Cir. October 4, 2007) (citation omitted). "'Undisputed' in this context means that the authenticity of the document is not challenged." Horsley, 304 F.3d at 1134 (citation omitted). Plaintiff has not objected to the authenticity of any documents attached to Defendant's second motion to dismiss. The court has, therefore, considered the copies of the executed and recorded deeds and corporate assignment attached to the original complaint and to Defendant's second motion to dismiss as well as the February 2015, March 2015, April 2015, May 2015 and June 2015 notice of intent to foreclose mailed to Plaintiff by JPMorgan Chase Bank, N.A. ("Chase"), for default on the loan and the August 2015 notice of intent to foreclose mailed by Defendant Seterus Inc. for default on the loan and the October 2015 notice of acceleration of the loan mailed by Defendant Seterus Inc. for failure to bring loan current; the December and January advertisement of a pending foreclosure sale; and the June 2015 notice from Chase that, due to delinquent loan payments, Plaintiff's bank account will no longer be automatically debited for loan payments. [Doc. 1-3; Doc. 12-2, 12-3, 12-4, 12-5, 12-6 and 12-7].

6

277].  To pay the monthly loan payments, "Plaintiff contracted and agreed to the monthly withdrawal of the loan payment from her Bank of America account, ending in 9168."  [Complt. ¶ 9].  Plaintiff alleges that from 2004 until 2015, Chase, the original loan servicer, electronically debited the loan payment from her account as the parties contractually agreed but that, when Chase transferred loan servicing on August 1, 2015, to Defendant Seterus Inc., Defendant failed to debit the bank account as agreed.  [Id. ¶¶ 10-11].

Plaintiff contends that Defendant "was contractually liable to honor the agreements entered by" Chase and Plaintiff and that Defendant "breached its assigned contractual responsibility to Plaintiff causing the loan that secured the property to become delinquent."  [Id. ¶¶ 12-13].  Plaintiff further contends that Defendant wrongfully instituted foreclosure proceedings and foreclosed upon and sold the Property to a third party.[4]  [Id. ¶¶ 14-15].  Plaintiff further contends that "Defendant

---

[4]Plaintiff's complaint alleges that the foreclosure sale occurred in 2016; however, the deed issued on the date of the foreclosure sale between Federal National Mortgage Association ("Fannie Mae"), who acquired the loan in March 2016 from MERS acting on behalf of Webster Bank, N.A. [Doc. 12-2 ("Corporate Assignment"), recorded on March 31, 2016, DeKalb County Superior Court, Deed Book 25473, Page 759], and Trans Am SFE II, LLC reflects that the foreclosure sale occurred on January 3, 2017 [Doc. 12-6 ("Deed Under Power of Sale"), recorded on February 13, 2017, DeKalb County Superior Court, Deed Book 26080, Page 636].  See Griffin Industries, Inc. v. Irvin, 496 F.3d 1189, 1206 (11th Cir. 2007) ("when the exhibits contradict the

had a duty to continue to debit Plaintiff's account for the monthly payment of the mortgage" as Chase had done and "had a duty to provide proper notice to the Plaintiff prior to instituting foreclosure proceedings" but breached the duties owed to Plaintiff. [Id. ¶¶ 16-18].

In the amended complaint, Plaintiff alleges that Defendant's wrongful foreclosure caused Plaintiff to endure "extreme emotional distress" and that Defendant's "tortious acts of negligently and wrongfully foreclosing on Plaintiff's property without insuring that she was in fact delinquent on her loan payments is an actionable tort." [Amd. Complt. ¶¶ 27-28]. These acts allegedly occurred because Defendant failed to debit Plaintiff's account "as contractually agreed upon at the inception of the loan in 2004 . . . ." [Id. ¶ 29]. Plaintiff also alleges that Defendant failed to comply with the notice requirements in O.C.G.A. § 44-14-162.2 before foreclosure and failed to tender the surplus from the foreclosure sale to Plaintiff as required by O.C.G.A. § 44-14-190. [Id. ¶¶ 30, 32].

Additional facts will be noted as needed to address the merits of Defendant's motion to dismiss the complaint.

---

general and conclusory allegations of the pleading, the exhibits govern"; if an exhibit to the complaint "'reveals facts which foreclose recovery as a matter of law, dismissal is appropriate'") (citation omitted).

### III.   Discussion

### a.      Breach of Contract

Although not contained in a specifically pled count in either the original or amended complaints, Plaintiff's allegations assert a claim for damages for Defendant Seterus Inc.'s purported breach of the parties' contract; a contract that Plaintiff claims was assigned by Chase, the original loan servicer, to Defendant when Defendant assumed loan servicer duties in August 2015.  "'The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken.'"  Norton v. Budget Rent A Car Sys., Inc., 307 Ga. App. 501, 502, 705 S.E.2d 305, 306 (2010) (citation omitted); and see Dye v. United Services Automobile Assoc., 89 F. Supp. 3d 1332, 1336 (S.D. Fla. 2015) ("'To survive dismissal for breach of contract, a plaintiff must allege (1) the existence of a contract, (2) a breach of the contract, and (3) damages resulting from the breach.'") (citation omitted).  Although Defendant argues that Plaintiff cannot challenge any assignment between Defendant Seterus Inc. and Chase of the servicer duties on the mortgage loan [Doc. 12 at 8; Doc. 16 at 6-8], that is not the issue requiring dismissal of Plaintiff's breach of contract cause of action.  Plaintiff, quite simply, has not identified any contract, neither attaching the contract to the

9

complaint nor stating with specificity the contract language upon which she relies, that Chase entered with her in 2004 requiring that her monthly loan payments be debited from her Bank of America account and has not identified the assignment, again neither attaching the assignment to the complaint nor stating with specificity the assignment language upon which she relies, transferring that contractual obligation to Defendant when Defendant assumed loan servicer responsibilities in August 2015.  Both the complaint and amended complaint are silent in that respect.  [Complt.; Amd. Complt.].

In Plaintiff's response to the motion to dismiss, she continues to make general allegations about what she and Chase agreed to do at the inception of the mortgage loan and what occurred thereafter, that is, that Chase continued to debit her account until transferring loan servicer duties[5] and that Defendant assumed the responsibility to continue to debit her account.  However, as was the case in the original and

_____

[5]That unsubstantiated contention is arguably refuted by the June 26, 2015, notice mailed by Chase to Plaintiff advising, "because of the delinquent status of your loan, we will no longer be able to debit your monthly mortgage payment automatically." [Doc. 12-7].  Plaintiff also alleges, without substantiation, that she made sure that her Bank of America account was fully funded each month for the loan payments to be made. [Doc. 15 at 2].  However, as indicated by the notices of delinquently in making her monthly payments for February 2015 through June 2015 [Doc. 12-4], Plaintiff had not maintained an account balance allowing for full payment of loan and she was apparently in default when Defendant Seterus Inc. took over loan servicing responsibilities.  The court, however, is not relying on these documents to rule on the motion to dismiss.

amended complaints, Plaintiff's conclusory allegations in response to the motion to dismiss are woefully insufficient to state a cause of action upon which relief can be granted.  [Doc. 15 at 2-4].[6]  Accordingly, Plaintiff's cause of action for breach of contract is due to be dismissed.  See, e.g., Boler v. Bank of America, N.A., 2017 WL 6555343, at *5 (N.D. Ala. December 22, 2017) (dismissing contract claim because, although the plaintiff offered general allegations as to how the defendants breached the contract, "he [did] not allege how these actions violated the terms of his note and mortgage or what terms were breached" and did not attach copies of the alleged contract upon which he relied, that is, the mortgage and note);[7] Shuler v. Bank of America, N.A., 2016 WL 5339352, at *10 (N.D. Ga. January 27, 2016) ("A plaintiff

---

[6]The court notes that Plaintiff makes additional allegations, such as, lack of notice of the change in the loan servicer and of stopping the debit of her monthly payments, that are not contained in either her original or amended complaint.  [Doc. 15 at 3].  "Fed. R. Civ. P. 12(b) prohibits [the court] from looking beyond the 'four corners' of [the] Complaint or considering any additional allegations Plaintiff included in h[er] Response." Moore v. Miami–Dade County, 502 F. Supp. 2d 1224, 1229 (S.D. Fla. 2007); accord Greason v. Georgia Dept. of Revenue, 2012 WL 3022012, at *4 (N.D. Ga. June 20, 2012) (claims not raised in the complaint "will not be considered by the court in its analysis of [a] Rule 12(b)(6) motion to dismiss"), report and recommendation adopted by 2012 WL 3020406 (N.D. Ga. July 24, 2012). And "'[i]t is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss[.]'" Walton v. Secretary of Veterans Affairs, 2014 WL 793591, at *4 (N.D. Ga. February 27, 2014) (citation omitted).

[7]This report and recommendation is pending before the District Court Judge.

who asserts a breach of contract claim must point to a particular contract provision that the defendant allegedly violated."); <u>Turner v. Bank of America, N.A.</u>, 2015 WL 11233185, at *4 (N.D. Ga. February 11, 2015) (finding that the plaintiff failed to plead a breach of contract claim because she failed to allege specific facts showing a breach) (citing <u>Hall v. HSBC Mortg. Servs., Inc.</u>, 581 Fed. Appx. 800, 802 (11th Cir. 2014) (in which the appellate court found the plaintiff's breach of contract claim futile because, although relying on written communications between the parties to establish a contract and the breach, "the plaintiff did not describe the actual content of the letters the defendant sent and did not attach them as exhibits to the proposed amended complaint")), <u>report and recommendation adopted</u> 2015 WL 11216737 (N.D. Ga. March 23, 2015).[8]

---

[8]The underlying Security Deed and Corporate Assignment of the Security Deed do not assist Plaintiff in stating a cause of action against Defendant for failure to abide by unspecified contractual terms to debit her Bank of America account.  The Security Deed, a contract, was between MERS, acting on behalf of Webster Bank, N.A., and Plaintiff.  Chase, as loan servicer, was not a party to that contract and, thus, could not assign to Defendant any contractual obligations contained therein.  <u>See</u> <u>Favors v. Select Portolio Servicing, Inc.</u>, 2015 WL 11557583, at *8 (N.D. Ga. June 18, 2015), <u>report and recommendation adopted by</u> 2015 WL 12434466 (N.D. Ga. July 8, 2015); <u>James v. Litton Loan Servicing, L.P.</u>, 2011 WL 59737, at *11 (M.D. Ga. January 4, 2011).  The Corporate Assignment, likewise, was between MERS, acting again on behalf of Webster Bank, N.A., and Fannie Mae - neither Chase nor Defendant were parties to that assignment.  However, even if, the terms of the Security Deed and the Corporate Assignment were deemed a contract between Plaintiff and Defendant,

12

For these reasons, Plaintiff fails to state a plausible claim for breach of contract based on Defendant's failure to debit from her Bank of America account monthly payments for her mortgage loan.[9]

**b.      Wrongful Foreclosure**

In her complaint, Plaintiff asserts that Defendant wrongfully instituted foreclosure proceedings by failing to continue to debit her bank account to make monthly loan payments.  [Complt. ¶ 14].  Plaintiff also asserts that "Defendant had a duty to provide proper notice . . . prior to instituting foreclosure proceedings" and that,

---

Plaintiff has failed to point to any term contained therein that required Defendant to debit from her Bank of America account the monthly loan payments - that is quite likely because there is no such term.

[9]Although Plaintiff contends that Defendant had a "legal" duty to debit funds from her bank account for her monthly mortgage payment [Complt. 16 ¶ 16; Doc. 15 at 10], Plaintiff actually relies solely on the alleged contractual duty Defendant assumed from Chase when Defendant became the loan servicer [Doc. 15 at 10]. Plaintiff points to no "legal" duty to debit her account.  Further, Plaintiff does not refute Defendant's arguments that, pursuant to the Electronic Funds Transfer Act ("EFTA"), Defendant would have only been authorized to debit reoccurring payments from Plaintiff's bank account with Plaintiff's written authorization or other authentication by Plaintiff.  Without that authorization from Plaintiff for Defendant to withdraw funds electronically, Defendant would have been liable under the EFTA for having done so.  See Hankey v. Direct TV, Inc., 2016 WL 828119, at *2 (M.D. Pa. February 29, 2016); Coover v. Immediate Credit Recovery, Inc., 2014 WL 5823166, at **5-6 (M.D. Fla. November 10, 2014); Okocha v. HSBC Bank USA, N.A., 2010 WL 5122614, at *2 (S.D. N.Y. December 14, 2010).  Plaintiff points to no "legal" duty obligating Defendant to debit her bank account.

13

without further allegations of fact, "Defendant breached the [duty] it owed to Plaintiff." [Id. ¶¶ 17-18]. In the amended complaint, Plaintiff, without supporting factual allegations, asserts that "[D]efendant failed to comply with the notice requirements of O.C.G.A. § 44-14-162.2 prior to foreclosing upon [P]laintiff's property" and, "after the sale of the property . . . [,] failed to tender the surplus . . . as required by O.C.G.A. § 44-14-190." [Amd. Complt. ¶¶ 30, 32]. Defendant argues that Plaintiff failed to allege facts supporting a violation of the foreclosure statute, O.C.G.A. § 44-14-160, *et seq.*, as required to state a claim for wrongful foreclosure and failed to allege facts to support the claims of inadequate notice and failure to tender surplus funds after the foreclosure sale. [Doc. 12 at 11-14]. Defendant also argues that Plaintiff cannot establish damages caused by Defendant's actions. [Id. at 14-15]. Plaintiff's only response to Defendant's arguments is stated in two sentences: "Plaintiff made the loan payments as she had customarily made since the inception of the loan. The record is devoid of any credible notice that Seterus properly informed Plaintiff that her payments would not be accepted via electronic transfer." [Doc. 15 at 11]. Plaintiff has not stated plausible claims under O.C.G.A. §§ 44-14-160, 44-14-162.2 or 44-14-190.

As noted by Defendant in the reply brief [Doc. 16 at 9 n.5], the court finds that Plaintiff provided no argument at all in response to the motion to dismiss her § 44-14-190 cause of action and has, accordingly, abandoned that cause of action.  See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1325-26 (11th Cir. 2000) ("The appellants' failure to brief and argue this issue during the proceedings before the district court is grounds for finding that the issue has been abandoned.") (citing, *inter alia*, Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp., 10 F.3d 1563, 1568 (11th Cir. 1994) (plaintiff's failure to either move for summary judgment on claim raised in complaint or to respond to defendant's summary judgment motion on same claim, allowed district court to properly treat claim as abandoned)); accord Okim v. Bank of America, 2012 WL 5930613, at *5 n.2 (N.D. Ga. October 25, 2012) (finding that the plaintiff's failure to respond to the defendant's arguments in support of the motion to dismiss constitutes abandonment of the claims), report and recommendation adopted by 2012 WL 5930267 (N.D. Ga. November 26, 2012).  Additionally, Plaintiff's conclusory allegation of violation of § 44-14-190 without any supporting factual assertions is insufficient to state a plausible cause of action.

AO 72A
(Rev.8/82)

With respect to Plaintiff's claim of wrongful foreclosure, "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury it sustained, and damages." Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004). "The Eleventh Circuit has held that dismissal of a wrongful foreclosure claim is warranted where the plaintiff has failed to state that any defendant had 'violat[ed] . . . the [Georgia foreclosure] statute[, which] is necessary to [establish] a wrongful foreclosure' under Georgia law." Okim, 2012 WL 5930267, at *4 ("In other words, under Georgia law, a foreclosure is deemed to be wrongful only when it violates the Georgia foreclosure statute.") (citation omitted).

"Under Georgia law, [i]t is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto and their privies." Gordon v. South Central Farm Credit, ACA, 213 Ga. App. 816, 817, 446 S.E.2d 514, 515 (1994) (citation and internal quotation marks omitted). "The scant statutory law that does exist in this area has evolved as a means of providing limited consumer protection while preserving in large measure the traditional freedom of the contracting parties to negotiate the terms of their arrangement." You v. JP

16

Morgan Chase Bank, N.A., 293 Ga. 67, 70, 743 S.E.2d 428, 430-31 (2013).  "These limited statutory protections are codified in OCGA §§ 44-14-160 through 44-14-162.4 and consist primarily of rules governing the manner and content of notice that must be given to a debtor in default prior to the conduct of a foreclosure sale."  Id. at 70, 743 S.E.2d at 431.  The only provision that Plaintiff cites is § 44-14-162.2 when she alleges, without factual support, that Defendant failed to comply with notice requirements prior to foreclosing.  [Complt. ¶ 17; Amd. Complt. ¶ 30].  And the only clarification provided by Plaintiff, in response to Defendant's arguments that her allegation is insufficient to state a claim, is that the "record is devoid of any credible notice that Seterus properly informed Plaintiff that her payments would not be accepted via electronic transfer."  [Doc. 15 at 11].  Plaintiff fails to establish in what way that alleged failure constituted a violation of O.C.G.A. § 44-14-162 or, for that matter, any other Georgia foreclosure provision.

Georgia's foreclosure notice statute, O.C.G.A. § 44-14-162.2, requires, in relevant part, that thirty days prior to foreclosure "[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage or security deed . . . shall be given to the debtor by the secured creditor . . . in writing [and] include the name, address, and telephone number of the individual or entity who shall have full authority

17

to negotiate, amend and modify all terms of the mortgage with the debtor . . . ." Id. § 44-14-162.2(a).  This provision does not require the notice that Plaintiff contends is lacking.  And Plaintiff fails to point to any facts indicating that this provision was otherwise violated by Defendant and, therefore, fails to state a plausible claim upon which relief can be granted.  See Thornton v. Nationstar Mortg. LLC, 2017 WL 6032940, at *3 (N.D. Ga. December 5, 2017) (adopting report and recommendation finding that the plaintiffs' claim that defendant violated § 44-14-162.2 "fails as a matter of law because [the p]laintiffs do not explain how [the defendant's] conduct violated that statute"); Ballard v. Bank of America Corp., 2014 WL 11970543, at *18 (N.D. Ga. September 11, 2014) (finding that the plaintiffs "failed to raise their right to relief above the speculative level and thus fail to state a plausible claim to relief" pursuant to § 44-14-162.2 because they "have not explained how any purported 'notice' from defendants failed to conform to the statute . . . nor have they attached a notice of foreclosure to the pleadings or otherwise described the notice in any way").[10]

_____

[10]In Ballard, the court further noted that the plaintiffs' claims were "contradicted by the deed under power, which relates that 'notice was given in compliance with . . . O.C.G.A. Section 44-14-162.2 and [ ] 44-14-162.4,' and that the 'notice was rendered by mailing a copy of the Notice of Sale . . . at least thirty days prior to the foreclosure sale date . . . ." Id., at *18 n.22 (citation omitted).  Likewise, in this case, the Deed Under Power of Sale provides in pertinent part that the notice was given in compliance with §§ 44-14-162.2 and 44-14-162.4 and that the notice was mailed at least thirty days

Because Plaintiff is unable to show that Defendant breached a legal duty owed to her, she has failed to state a claim for wrongful foreclosure upon which relief can be granted.  See Heritage Creek, 268 Ga. App. at 371, 601 S.E.2d at 844.

Defendant, based on the allegations in the complaint and amended complaint, has not breached any duties owed to Plaintiff under the foreclosure statutes. Furthermore, Plaintiff has not sufficiently alleged causation.  Plaintiff does not allege that she was not in default on the mortgage loan.  In fact, based on Plaintiff's admissions that no monthly payments were made at least as of August 2015 (and, if considered, the notices sent by Chase from February through June 2015), the court could conclude that Plaintiff was in default.  Any damages flowing from the foreclosure sale, including Plaintiff's allegation of suffering "extreme emotional stress[,]" [Amd. Complt. ¶ 26],[11] was not caused by the breach of any duty owed by

---

prior to the foreclosure sale.  [Deed Under Power of Sale].

[11]The court does not construe Plaintiff's amended complaint as asserting a separate cause of action for either intentional or negligent infliction of emotional distress but, instead, as Plaintiff states in her response to the motion to dismiss, Plaintiff contends that damages for a wrongful foreclosure may include compensation for mental anguish.  [Doc. 15 at 12].  And Plaintiff's single reference in the original complaint's request for relief that she seeks compensatory damages for, among a list of other alleged wrongdoing, negligent infliction of emotional distress, likewise does not state a cause of action.  [Complt. ¶ c.].

19

Defendant. See Randall v. Bank of America N.A., 2015 WL 11978533, at **3-4 (N.D. Ga. May 28, 2015) (even if the plaintiffs had pled failure to comply with the foreclosure statutes, they must still show a causal connection between the lack of notice and the alleged injury, that is, the unlawful foreclosure).

Plaintiff also has not pled that she tendered the amount due on the mortgage. "Without tender by the Plaintiff, it generally cannot be said that the bank caused any damages—the plaintiff instead causes his own damages by failing to pay." Chadwick v. Bank of America, N.A., 2014 WL 4449833, at *5 (N.D. Ga. September 9, 2014); accord Freeman v. Wells Fargo Bank, N.A., 2013 WL 2637121, at *3 (N.D. Ga. June 11, 2013) ("Plaintiff's alleged damages (relocation expenses, attorney's fees, courts [sic] costs, and loss of title and equity in the Property) flow from his own failure to make payments, which resulted in foreclosure."); Harvey v. Deutsche Bank National Trust Co., 2012 WL 3516477, at *2 (N.D. Ga. August 14, 2012) ("When the borrower cannot show that the alleged injury is attributable to the lender's acts or omissions, the borrower has no claim for wrongful foreclosure."); Heritage Creek, 268 Ga. App. at 372, 601 S.E.2d at 845 (holding that plaintiff's alleged injury was "solely attributable to its own acts or omissions" by failing to cure the default and, after the foreclosure

20

sale, by failing to tender the price required by the terms of an offer to sell the property back to the plaintiff).

For these reasons, the court finds that Plaintiff has failed to state a plausible claim for wrongful foreclosure.

### c.   Negligence

In the amended complaint, without additional factual assertions, Plaintiff alleges that Defendant's "tortious acts of negligently and wrongfully foreclosing on Plaintiff's property without insuring that she was in fact delinquent in her loan payments" and "without debiting the plaintiff's account as contractually agreed upon at the inception of the loan in 2004" are actionable torts for which she seeks damages. [Amd. Complt. ¶¶ 28-29].  "To maintain a viable negligence action, a plaintiff must satisfy the elements of the tort . . . ." <u>Wells Fargo Bank, N.A. v. Jenkins</u>, 293 Ga. 162, 163, 744 S.E.2d 686, 687 (2013) (citation omitted).  The elements of a cause of action for negligence in Georgia are:

> "(1)  A duty, or obligation, recognized by law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks.  (2)  A failure on his part to conform to the standard required.  (3)  A reasonable close causal connection between the conduct and the resulting injury.  (4)  Actual loss or damage resulting to the interests of the other."

21

Brookview Holdings v. Suarez, 285 Ga. App. 90, 91, 645 S.E.2d 559, 562 (2007)
(citation omitted); accord Ceasar v. Wells Fargo Bank, N.A., 322 Ga. App. 529, 533,
744 S.E.2d 369, 373 (2013) (the "essential elements of a negligence claim are the
existence of a legal duty; breach of that duty; a causal connection between the
defendant's conduct and the plaintiff's injury; and damages").

"Under Georgia law, the failure to perform a contract does not constitute a tort
. . . ." McGinnis v. American Home Mortg. Servicing, Inc., 2012 WL 426022, at *6
(M.D. Ga. February 9, 2012).  A tort is defined as "the unlawful violation of a private
legal right other than a mere breach of contract, express or implied." O.C.G.A. § 51-1-
1.  "[I]f there is no liability except that arising out of a breach of the express terms of
the contract, the action must be in contract, and an action in tort cannot be maintained."
Johnson v. Citimortgage, Inc., 351 F. Supp. 2d 1368, 1379 (N.D. Ga. 2004).  However,
"a single act or course of conduct may constitute not only a breach of contract but an
independent tort as well, if in addition to violating a contract obligation it also violates
a duty owed to plaintiff independent of contract to avoid harming him." Brookview
Holdings LLC, 285 Ga. App. at 94, 645 S.E.2d at 564 (citation and internal quotation
marks omitted).  But for a breach of a contract to give rise to a tort cause of action, the
defendant must have "'also breached an independent duty created by statute or

22

common law.'" <u>Fielbon Development Co., LLC v. Colony Bank of Houston Cnty.</u>, 290 Ga. App. 847, 855, 660 S.E.2d 801, 808 (2008) (quoting <u>S & A Industries, Inc. v. Bank Atlanta</u>, 247 Ga. App. 377, 381, 543 S.E.2d 743, 748 (2000)).

In this case, Plaintiff's negligence claim, which appears to be based not only on the alleged breach of a contract to debit her bank account to make the monthly mortgage payments but on a violation of the Georgia foreclosure statute, fails for the simple reason, as found *supra*, that she has not sufficiently pled - identified - any duty or obligation, either under law or contract, that Defendant failed to perform. Additionally, "Georgia courts have long held that 'a borrower and its secured lender have no relationship beyond that imposed by [the] contract' between them and that Georgia's foreclosure statutes do not create a duty supporting a claim for negligence." <u>Sibley v. National City Mortg. Co.</u>, 2013 WL 12097954, at *10 (N.D. Ga. July 24, 2013) (quoting <u>Greaves v. Bank of America, N.A.</u>, 2013 WL 1147531, at *4 (N.D. Ga. March 19, 2013)), <u>report and recommendation adopted by</u> 2013 WL 12098962 (N.D. Ga. August 23, 2013), <u>aff'd</u> <u>Sibley v. National City Mortg. Co.</u>, 560 Fed. Appx. 825, 827 (11th Cir. 2014) (agreeing with district court that the plaintiffs' claims of servicer abuse do not support a separate claim for relief). "While the duty imposed by O.C.G.A. § 23-2-114 can give rise to a cause of action, 'the proper cause of action is

23

not negligence, but rather wrongful foreclosure, which the Plaintiff has already asserted and which [the court] has already addressed.'" Id. (quoting Stimus v. CitiMortgage, Inc., 2011 WL 2610391, at *6 (M.D. Ga. July 1, 2011) (citations omitted)).[12]

For these reasons, Plaintiff cannot state a plausible cause of action for negligence.

### d.    Punitive Damages, Attorney's Fees and Costs

In her prayer for relief in the original complaint, Plaintiff seeks the costs of litigation pursuant to O.C.G.A. § 13-16-11, attorney's fees and punitive damages. [Complt. ¶ 24, ¶¶ d.-e.].   The court recommends that Plaintiff's claims for breach of contract, wrongful foreclosure and negligence be dismissed.  "Plaintiff is not entitled to an award of punitive damages because [she] failed to state any claims upon which relief may be granted. . . .  Plaintiff also is not entitled to attorney's fees and costs because [she] is not a prevailing party" due to this court's recommendation that her

---

[12]"Where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, OCGA § 23-2-114, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." Calhoun First National Bank v. Dickens, 264 Ga. 285, 285-86, 443 S.E.2d 837, 838 (1994).

24

"claims [be] dismissed."[13] <u>Baker v. CitiMortgage, Inc.</u>, 2013 WL 4217433, at *5 (N.D. Ga. August 14, 2013); <u>and see</u> <u>Phillips v. Ocwen Loan Servicing, LLC</u>, 92 F. Supp. 3d 1255, 1273 (N.D. Ga. 2015) (due to dismissal of substantive claims, "Plaintiff cannot recover punitive damages or litigation expenses") (citing, *inter alia*, <u>Martin v. Martin</u>, 267 Ga. App. 596, 597, 600 S.E.2d 682, 683 (2004) ("Punitive damages cannot be awarded in the absence of any finding of compensatory damages.") (citing O.C.G.A. § 51-12-5.1(b)); <u>Lee v. Georgia Power Co.</u>, 296 Ga. App. 719, 721, 675 S.E.2d 465, 468 (2009) ("An award of attorney fees and expenses of litigation under O.C.G.A. § 13-6-11 is ancillary, and a party may recover them only if [she recovers] on another claim.")); <u>Johnson v. MidFirst Bank</u>, 2014 WL 4311272, at *5 (N.D. Ga. September 2, 2014) ("Because all of Plaintiff's substantive claims lack merit, Plaintiff's claim for punitive damages also is due to be dismissed."); <u>Dunn v. BAC Home Loan Services</u>, 2013 WL 1755808, at *4 (N.D. Ga. April 23, 2013) ("The Plaintiffs' claims for

---

[13]Additionally, "a plaintiff cannot recover punitive damages or emotional distress damages for a breach of contract under Georgia law." <u>Blackburn v. BAC Home Loans Servicing, LP</u>, 914 F. Supp. 2d 1316, 1330 (M.D. Ga. 2012) (citing <u>Hardwick v. Williams</u>, 265 Ga. App. 752, 752 & nn. 1-2, 595 S.E.2d 596, 597 & nn. 1-2 (2004)); <u>accord</u> <u>Baker v. Wells Fargo Bank, N.A.</u>, 2015 WL 2233140, at *3 (N.D. Ga. May 12, 2015) (same) (citations omitted).

punitive damages and attorney fees are derivative to their substantive claims and, therefore, should be dismissed because of the failure of the substantive claims.").

## IV.   Conclusion

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant Seterus Inc.'s motion [Doc. 12] to dismiss the complaint and amended complaint in this action be **GRANTED**.

All pretrial matters have been concluded with the issuance of this Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1), this Court's Local Rule 72.1, and Standing Order 14-01 (N.D. Ga. August 15, 2014).  The Clerk, therefore, is **DIRECTED** to terminate the reference to the Magistrate Judge.

**SO RECOMMENDED THIS** 5th day of February, 2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

26